**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00051-REB-KMT

ROBERT S. HAMILTON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT PURSUANT TO FED. R. CIV. P. 56 AND D.C.COLO.LCIVR 56.1**

---

**Blackburn, J.**

The matter before is **Plaintiff's Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56 and D.C.COLO.LCivR 56.1 and Incorporated Memorandum of Law** [#78],[1] filed November 10, 2015.  I deny the motion.

### I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1346(a)(1) (civil action against the United States for recovery of internal revenue tax alleged to have been erroneously assessed or collected).

### II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  **FED. R. CIV. P.** 56(a);

---

[1] "[#78]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A movant who bears the burden of proof on a claim or defense must submit evidence to establish every essential element of that claim or defense. *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

### III.  ANALYSIS

This is an action for refund of taxes allegedly overpaid by plaintiff. The suit arises from plaintiff's claim for charitable contribution deductions on his income tax

returns for 2003, 2004, 2005, and 2006.[2]  Following an audit, plaintiff received a letter of disallowance from the Internal Revenue Service ("IRS" or "the agency") on January 8, 2009.  Plaintiff requested administrative review of that determination.

Shortly before the matter was forwarded to the IRS Office of Appeals, the agency requested an extension of the statute of limitations for assessment for tax years 2003 and 2004.  Consequently, plaintiff and the agency executed a Form 872, entitled "Consent To Extend the Time To Assess Tax" (the "Restricted Consent"), which provides, in relevant part,

> Robert S. Hamilton and the Commissioner of the Internal Revenue consent and agree to the following:
>
> . . . .
>
> (3) The amount of any deficiency assessment is to be limited to that resulting from: . . . (b) any adjustments to charitable contributions.

(**Plf. Motion App.**, Exh. 4 at 1.)  The case was not resolved as a result of the appeals process, and the IRS ultimately issued a Notice of Deficiency on January 12, 2012, disallowing the claimed charitable contribution deductions in their entirety.

Plaintiff paid the tax allegedly due under the Notice of Deficiency and filed claims for refund, which were denied.  This action followed.

By the instant motion, plaintiff seeks a determination that the IRS may not redetermine the correct amount of tax for any items other than the charitable

---

[2] The deductions were related to three conservation easements across portions of ranch land in Pueblo and Custer Counties.  The easements were granted in 2003, 2004, and 2005.  A charitable contribution carryover from the previous year was claimed in 2006.

3

contribution deductions that were the subject of the Notice of Deficiency.  Having reviewed the arguments made and authorities cited by the parties in their briefs, I find and conclude that plaintiff's motion is legally insupportable and consequently must be denied.

As the IRS points out, plaintiff's argument improperly conflates the standards and procedures relevant to deficiency proceedings before the agency (and, potentially, the Tax Court) with those that pertain to a refund action in federal district court.  When the IRS has issued a Notice of Deficiency, the taxpayer may challenge that determination in the Tax Court, and he is not required to pay the purported deficiency until the Tax Court determines the matter.  ***See Guthrie v. Sawyer***, 970 F.2d 733, 735 (10th Cir. 1992).[3]  By contrast, to bring an action seeking a refund in federal district court, the taxpayer must pay the full amount of income tax assessed.  ***See Flora v. United States***, 357 U.S. 63, 75, 78 S.Ct. 1079, 1086, 2 L.Ed.2d 1165 (1958), ***aff'd on rehearing***, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960); ***Ardalan v. United***

---

[3] The process was explained by the Tenth Circuit in ***Guthrie***:

> The notice of deficiency begins the interaction between the taxpayer and the IRS.  Upon the determination that a tax deficiency exists, I.R.C.§ 6212 (1988) authorizes the IRS to send a notice of the deficiency to the taxpayer at his last known address.  Under I.R.C.§ 6213, the taxpayer ordinarily has ninety days after the mailing of the notice of deficiency to file a petition in the Tax Court challenging the deficiency determination.  If the taxpayer goes to Tax Court, he may obtain a redetermination of deficiency, which amount is not assessed or required to be paid until the Tax Court decision has become final.  ***See*** I.R.C.§§ 6213(a), 6215.  The notice of deficiency is thus the "ticket" to the Tax Court that allows the taxpayer to challenge the tax assessment before paying it.
>
> If the taxpayer does not go to Tax Court within ninety days, the IRS is authorized to assess the deficiency against the taxpayer, who must pay upon notice and demand.  ***See*** I.R.C. § 6213(c).

***Guthrie***, 970 F.2d at 735.

***States***, 748 F.2d 1411, 1413 (10th Cir. 1984).

This distinction is critical because it underscores the difference between what occurs in the two proceedings. At the agency level, the IRS assesses the tax to be paid. When the taxpayer seeks a refund, he perforce already has paid the assessment. He thus must then establish that he has overpaid tax. ***In re Borgman***, 698 F.3d 1255, 1260 (10th Cir. 2012); ***Dye v. United States***, 121 F.3d 1399, 1407 (10th Cir. 1997). Proof of that ultimate issue requires the taxpayer to demonstrate both that the amount of tax assessed is incorrect and that the correct amount of tax owed is less than the amount paid. ***Dye***, 121 F.3d at 1408; ***Sprint Nextel Corp and Subsidiaries v. United States***, 779 F.Supp.2d 1184, 1185 (D. Kan. 2011).

Under the rule first announced in ***Lewis v. Reynolds***, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932), the determination of the *correct* amount of tax owed must be made by reference to the *entire* amount owed, regardless whether the statute of limitations for assessment has expired:

> [T]he ultimate question presented for decision, upon a claim for refund, is whether the taxpayer has overpaid his tax. This involves a redetermination of the entire tax liability. While no new assessment can be made, after the bar of the statute has fallen, the taxpayer, nevertheless, is not entitled to a refund unless he has overpaid his tax. The action to recover on a claim for refund is in the nature of an action for money had and received and it is incumbent upon the claimant to show that the United States has money which belongs to him.
>
> . . . .
>
> While the statutes authorizing refunds do not specifically empower the Commissioner to reaudit a return whenever repayment is claimed, authority therefor is necessarily

> implied.  An overpayment must appear before refund is
> authorized.  Although the statute of limitations may have
> barred the assessment and collection of any additional sum,
> it does not obliterate the right of the United States to retain
> payments already received when they do not exceed the
> amount which might have been properly assessed and
> demanded.

*Id.*, 52 S.Ct. at 146 (citation and internal quotation marks omitted).  In other words, the agency is not required to refund any assessment for tax that was in fact owed.   That determination cannot be made in a vacuum – it must consider the entirety of the tax liability.

Contrary to plaintiff's argument, the presence of the Restricted Covenant in this case does not alter or nullify the application of this well-established principle.  Assuming *arguendo* that the Restricted Covenant is (or should have the effect of) a contract, plaintiff ignores the most fundamental tenet of contract interpretation – that a contract must be interpreted according to its plain meaning.  The Restricted Covenant purports to restrict the IRS's ability to make a "deficiency assessment."  The adjustments contemplated by **Lewis**, by contrast, are not deficiency assessments, but merely recalculations of the correct amount of tax due.  The difference, which is not merely semantic, was explained cogently by the Fourth Circuit in **Estate of Michael ex rel. Michael v. Lullo**, 173 F.3d 503 (4th Cir. 1999):

> [A]lthough the IRS [is] powerless to *assess* or *collect*
> additional taxes at the time of the refund suit, it was
> nevertheless permitted to *recalculate* those taxes in order to
> determine whether the taxpayer had overpaid its tax burden
> for the year in question.
>
> . . . .

6

> . . . . *Lewis* simply authorizes the IRS to "retain" tax payments in the face of a refund suit if, based on its calculations at the time of that suit, the IRS determines that the taxpayer did not actually overpay its properly calculated tax burden.

*Id.* at 508 (emphases in original).

Accordingly, there is no legal basis to prevent the IRS from invoking the rule of *Lewis v. Reynolds* in this matter. Plaintiff's remaining arguments are even less compelling. The burden of proof properly rests with the taxpayer in this refund suit, *see Dye*, 121 F.3d at 1408; *Sprint Nextel Corp.*, 779 F.Supp.2d at 1185, and plaintiff's lone citation to the contrary is completely inapposite to the proposition for which he cites it. Nor is there anything in the record before to indicate that plaintiff is entitled to the extraordinary remedy of equitable estoppel as against an agency of the federal government. *See In re DePaolo*, 45 F.3d 373, 377 (10th Cir. 1995). His motion therefore must be denied.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56 and D.C.COLO.LCivR 56.1 and Incorporated Memorandum of Law** [#78], filed November 10, 2015, is denied.

Dated January 13, 2016, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge